OPINION OF THE COURT — bv the
Hon. J. R. NICHOLSON.
This cause is brought before us by a writ of error to the criminal *416 court of Adams county on the petition of the attorney general, on behalf of the state; and a motion is now made hy the defendant to dismiss the writ of error, on the ground that no writ of error lies to the criminal court of Adams county.
In order to ascertain whether a writ of error lies in this case, it is only necessary to look into the acts of the legislature creating this court, and to the one constituting the supreme court: For it has often been decided in this court that it is a court of limited jurisdiction, and can only take cognizance of cases which were given to it by enactment of the legislature, without resorting to instruction or intendment.
In the act constituting the supreme court, sec. 5, authority is given to it, to hear and determine all pleas, plaints, &c., which may be brought before it, from any circuit court of law, superior court of chancery, or orphans’ court of any county in the state, by appeal, writ of error, superse-deas, or other legal means; and not a word is said relative to the criminal court of Adams county; and the act creating this court is entirely silent upon the subject.
This, then, is a.clear case: there is no law to authorize the granting of a writ of error on behalf of the state, to the criminal court of Adams county, and the motion to dismiss for want of jurisdiction must prevail.
The defendant’s counsel raised another objection on the hearing of this motion, which was, that the criminal court had no jurisdiction of this matter ; it being a scire facias on the recognizance of bail, and consequently a .civil preceding.
Although it is not necessary to decide this point on the present motion, yet the court has no objection to express the inclination of its opinion on it also.By the 7th section of the act creating this court, it has concurrent jurisdiction with the circuit court of-Adams county, to hear and determine, according to law, all crimes, misdemeanors and offences of whatever nature, &c.; and by the 17th section it is made the duty of the justices of the peace of Adams county to make return to this court, of all recognizances for the peace, good behavior, for the appearance of any person, and all other process in criminal cases, to be proceeded on according to law, &c., and from these grants of jurisdiction, the attorney general contends that this criminal court has authority to issue a scire facias on *417 forfeited recognizances. This court is inclined to a different opinion.— We cannot see that its authority extends farther than to a forfeiture of the recognizance; and on that event taking place, that the state may proceed in the circuit court of Adams county; it being a court of general jurisdiction, on the record being properly certified from the criminal court. The opinion of the court is thatthis cause be dismissed for the want of jurisdiction.
Judges Black, Cage, and Montgomery concur; judge Turner not sitting.